UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

WILLIAM JACKSON, on behalf of himself and all others similarly situated,

*Plaintiff*,

-v-

ALLIANZ GLOBAL INVESTORS U.S. LLC, ALLIANZ GLOBAL INVESTORS U.S. HOLDINGS LLC, ALLIANZ SE, ALLIANZ ASSET MANAGEMENT GMBH, ALLIANZ OF AMERICA, INC., ALLIANZ ASSET MANAGEMENT OF AMERICA HOLDINGS INC., ALLIANZ ASSET MANAGEMENT OF AMERICA, L.P., and ALLIANZ ASSET MANAGEMENT OF AMERICA LLC,

*Defendants*.

---------------------------------------------------------------x

Case No.

NOTICE OF REMOVAL

## NOTICE OF REMOVAL

Defendants Allianz Global Investors U.S. LLC, Allianz Global Investors U.S. Holdings LLC, Allianz SE, Allianz Asset Management GmbH, Allianz of America, Inc., Allianz Asset Management of America Holdings Inc., Allianz Asset Management of America, L.P., and Allianz Asset Management of America LLC ("Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action (the "Action") from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and 15 U.S.C. § 77p(c), and as grounds for removal state as follows:

### I. PROCEDURAL MATTERS

1. On December 31, 2020, Plaintiff filed this Action in the Supreme Court of the State of New York, County of New York, pursuant to a Summons (the "Summons") and Class Action Complaint (the "Complaint"). The Complaint asserts claims for violations of Sections 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), and violations of Sections 349 and 350 of the New York General Business Law related to the marketing and management of several funds, and alleges that investors in these funds "sustained substantial losses of capital in excess of $1 billion." (Compl. ¶ 70.)

2. Plaintiff purportedly served Defendant Allianz Global Investors U.S. LLC with the Summons and Complaint on January 7, 2021. Plaintiff does not purport to have served Defendants Allianz Global Investors U.S. Holdings LLC, Allianz of America, Inc., Allianz Asset Management of America Holdings Inc., Allianz Asset Management of America, L.P., Allianz Asset Management of America LLC, Allianz SE or Allianz Asset Management GmbH with the Summons and Complaint.

3. Defendants' time to respond to the Summons and Complaint by answer or motion to dismiss has not expired, and Defendants have not served or filed an answer or motion.

4. Because Defendants filed this Notice of Removal within thirty days of Allianz Global Investors U.S. LLC being served with the Summons and Complaint, removal is timely under 28 U.S.C. § 1446(b).

5. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York. Defendants will serve Plaintiff with a copy of this Notice of Removal.

6. Copies of the Summons and Complaint, as filed on the State Court docket, are attached as Exhibits A and B.  No other documents have been filed in the Action.

7. All Defendants join in this Notice of Removal.

## II. BASIS OF REMOVAL

8. The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff is diverse of citizenship from all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. On information and belief and as stated in the Summons, Plaintiff is a natural person who is domiciled within, and a citizen of, the State of New York.  "[T]o be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."  *Universal Reinsurance Co.* v. *St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) (quoting *Newman-Green, Inc*. v. *Alfonzo-Larrain*, 490 U.S. 826, 828 (1989)).

10. Defendant Allianz Global Investors U.S. LLC is a limited liability company organized under the laws of Delaware whose sole member is Defendant Allianz Global Investors U.S. Holdings LLC, a limited liability company organized under the laws of Delaware.  Defendant Allianz Global Investors U.S. Holdings LLC's sole member is PFP Holdings, Inc., a Delaware corporation with its principal place of business at 1465 North McDowell Boulevard, Suite 100, Petaluma, California, 94954.

11. For diversity jurisdiction purposes, "a limited liability company . . . takes the citizenship of each of its members."  *Bayerische Landesbank, New York Branch* v. *Aladdin Capital*

*Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Platinum-Montaur Life Sciences, LLC* v. *Navidea Biopharm., Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (same). "For diversity purposes, a corporation is considered a citizen of both its state of incorporation and its principal place of business." *Mazaya Trading Co.* v. *Li & Fung Ltd.*, 2020 WL 6387334 (2d Cir. Nov. 2, 2020). As limited liability companies, Defendants Allianz Global Investors U.S. LLC and Allianz Global Investors U.S. Holdings LLC take on the citizenship of PFP Holdings, Inc. and are therefore citizens of Delaware and California.

12. Defendants Allianz SE and Allianz Asset Management GmbH are incorporated under the laws of Germany and have their principal places of business in Germany. Corporations organized under the laws of a foreign country or headquartered in a foreign country are "foreign part[ies] for the purposes of diversity." *Tagger* v. *Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020).

13. Defendant Allianz Asset Management of America LLC is a limited liability company organized under the laws of Delaware with three members: 1) Defendant Allianz Asset Management of America Holdings Inc., a Delaware corporation with its principal place of business in California; 2) Allianz of America, Inc., a Delaware corporation with its principal place of business in California; and 3) Defendant Allianz Asset Management GmbH, which, as noted above, is a citizen of Germany. Defendant Allianz Asset Management of America LLC is thus a citizen of Delaware, California, and Germany, and Defendants Allianz Asset Management of America Holdings Inc. and Allianz of America, Inc. are citizens of Delaware and California.

14. Defendant Allianz Asset Management of America, L.P. is a partnership organized under the laws of Delaware with two partners: 1) Defendant Allianz Asset Management of

America LLC, which, as noted above, is a citizen of Delaware, California, and Germany; and 2) PFP Holdings, Inc., which, as noted above, is a citizen of Delaware and California. "For purposes of diversity jurisdiction, a limited partnership has the citizenship of each of its general and limited partners." *Caren* v. *Collins*, 689 F. App'x 75, 76 (2d Cir. 2017). Defendant Allianz Asset Management of America, L.P. is thus a citizen of Delaware, California, and Germany.

15. Attached hereto as Exhibit C is a chart listing each Defendant and its members, if applicable, as well as the state(s) in which each is considered a citizen for diversity purposes.

16. No Defendant is a citizen of the State of New York for purposes of diversity jurisdiction.

17. Plaintiff seeks compensatory, rescissory, and other damages in an amount to be determined at trial, but alleges putative class losses "in excess of $1 billion." Although Defendants dispute all allegations that Plaintiff has been damaged, the alleged value of damages exceeds $75,000, exclusive of interest and costs.

18. Accordingly, the Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a) because the case is between citizens of different states and citizens or subjects of foreign states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In the alternative, the Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)(2) because the case is a class action in which at least one member of the class of plaintiffs is a citizen of a different state from at least one

defendant, and in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.[1]

19.   Removal of this matter is also appropriate pursuant to the Securities Litigation Uniform Standards Act ("SLUSA"), which allows removal of covered class actions that are based on state law and concern the allegedly dishonest or fraudulent purchase or sale of a covered security.  15 U.S.C. § 77p(c).

20.   Plaintiff brings a "covered class action," as defined in 15 U.S.C. § 77p(f)(2). Plaintiff seeks damages on behalf of a proposed class including, "at a minimum, thousands of members" (Compl. ¶ 28.), which is well in excess of the fifty members required to establish a covered class action under SLUSA.  Further, Plaintiff asserts that "[c]ommon questions of law and fact exist as to all subclass members in the [proposed] [c]lass" without regard to issues of individualized reliance on an alleged misstatement or omission. (Compl. ¶ 29.)

21.   The case includes allegations in connection with the purchase or sale of "covered security[ies]," as defined in 15 U.S.C. § 77p(f)(3).  Plaintiff alleges that the funds "trad[ed] in options on the S&P 500 and similar indices" and also included "exchange traded funds ('ETFs'), equity swaps or securities." (Compl. ¶¶ 44, 128.)  These securities are listed, or are authorized for listing, on a national securities exchange(s), including, but not limiting to, the Chicago Board of Options Exchange.  *Criterium Capital Funds B.V.* v. *Tremont (Berm.), Ltd. (In re Kingate Mgmt. Litig.)*, 784 F.3d 128, 139 (2d Cir. 2015) ("[A] covered security is one that is listed, or authorized for listing, on the national exchanges or that is issued by an investment company that is registered,

---

[1] Removal of such actions is proper pursuant to the Class Action Fairness Act of 2005.  28 U.S.C. § 1453(b).

or that has filed a registration statement, under the Investment Company Act of 1940." (internal quotation marks and citation omitted)).[2]

22.     Plaintiff's claims rely on state statutory law and include allegations of "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b)(1). Plaintiff brings claims asserting violations of Sections 349 and 350 of the New York General Business Law related to the allegedly "false, misleading, unfair, and unlawful" marketing and management of several funds. (Compl. ¶¶ 169–75.)

23.     Accordingly, removal of this action is proper pursuant to 15 U.S.C. § 77p(c) because Plaintiff brings a covered class action pursuant to state law involving allegations of untrue statements or omissions in connection with the purchase or sale of a covered security.

24.     The U.S. Supreme Court's decision in *Cyan Inc.* v. *Beaver County Employees Retirement Fund,* 138 S. Ct. 1061 (2018), does not limit this Court's jurisdiction. (Compl. ¶ 12 (asserting that the action is not removable under *Cyan*).) *Cyan*'s holding was limited to actions brought in state court alleging *only* Securities Act claims. *Id*. at 1078 ("SLUSA did nothing to strip state courts of their longstanding jurisdiction to adjudicate class actions alleging *only* Securities Act violations." (emphasis added)). Plaintiff asserts claims under both the Securities Act and New York state law. As explained above, Plaintiff's New York state law claims are

---

[2] For purposes of removal under SLUSA, whether the plaintiff invested directly in the covered securities or invested through a fund is irrelevant. The class action concerns the allegedly dishonest or fraudulent purchase or sale of a covered securities so long as the plaintiff knew that the fund would invest in covered securities. *See Criterium Capital Funds B.V.*, 784 F.3d at 142 (finding removal proper when action alleged plaintiff aware of funds' intention to invest in covered securities).

preempted under SLUSA because they are covered claims, and thus subject to removal. 15 U.S.C. § 77p(c).

25. Additionally, this Action is related to fourteen related actions currently pending in this Court: 1) *Arkansas Teacher Retirement System* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-05615; 2) *Retirement Program for Employees of the Town of Fairfield, et al.* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-05817; 3) *Lehigh University* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-07061; 4) *Teamster Members Retirement Plan, et al.* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-07154; 5) *Blue Cross Blue Shield Association National Employee Benefits Committee* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-07606; 6) *Metropolitan Transportation Authority Defined Benefit Pension Plan Master Trust, et al.* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-07842; 7) *Chicago Area I.B. of T. Pension Plan & Trust, et al.* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-07952; 8) *The Employes' Retirement System of the City of Milwaukee* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-08642; 9) *Chicago & Vicinity Laborers' District Council Pension Fund, et al.* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-09478; 10) *The Boards of Trustees for the Carpenters Health and Security Trust of Western Washington, et al.* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-09479; 11) *United Food & Commercial Workers Unions & Employers Midwest Pension Fund, et al.* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-09587; 12) *Board of Trustees of the International Brotherhood of Electrical Workers, Local No. 38 Pension Fund Pension Plan* v. *Allianz Global Investors U.S. LLC, et al.*, No. 20-cv-10028; 13) *Blue Cross and Blue Shield Association* v. *Allianz Global Investors U.S. LLC*, No. 20-cv-10848; and 14) *Marco Consulting Group Trust I* v. *Allianz Global Investors U.S. LLC, et al.*, No. 21-cv-00401.

WHEREFORE, Defendants respectfully request that the above-referenced Action be removed from the Supreme Court of the State of New York, County of New York, and that this honorable Court accept jurisdiction of the case, and for any relief this Court deems just and proper.

Dated: January 21, 2021

| | |
|---|---|
| */s/ Robert J. Giuffra, Jr.* | */s/ Robert A. Skinner* |
| Robert J. Giuffra, Jr. | Robert A. Skinner |
| Stephanie G. Wheeler | Amy D. Roy |
| Jacob M. Croke | Mary Elizabeth Brust |
| Ann-Elizabeth Ostrager | Cole A. Goodman |
| Hilary M. Williams | ROPES & GRAY LLP |
| SULLIVAN & CROMWELL LLP | Prudential Tower |
| 125 Broad Street | 800 Boylston |
| New York, New York 10004-2468 | Boston, MA 02199 |
| Telephone: (212) 558-4000 | Telephone: (617) 951-7000 |
| Facsimile: (212) 558-3588 | Facsimile: (617) 951-7050 |
| *Counsel for Defendants* | *Co-Counsel for Defendant Allianz Global Investors U.S. LLC* |